```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
UNITED STATES OF AMERICA       :
                               :
                               :
v.                             :         No. 3:06CR00135(AWT)
                               :
JEREMIAH SIMONS and            :
TYRONE HENRY                   :
                               :
-------------------------------x
```

### ORDER RE DEFENDANTS' REQUEST FOR
### EVIDENTIARY HEARING ON MOTIONS TO SUPPRESS SECRET RECORDINGS

Defendants Jeremiah Simons and Tyrone Henry each filed a Motion to Suppress Secret Recordings (Doc. Nos. 46 and 38). At a status conference held on September 6, 2006, the court requested that the defendants and the government address the question of whether the defendants are entitled to an evidentiary hearing on these motions. For the reasons set forth below, the defendants' request for an evidentiary hearing is being denied.

A defendant who is attempting to suppress evidence does not automatically have the right to an evidentiary hearing. Rather, the defendant "must make a preliminary showing of facts which, if proved would require the granting of relief." U.S. v. Ventura, No. 97 CR. 1251(HB), 1998 WL 186737, at *1 (S.D.N.Y. Apr. 17, 1998); see also U.S. v. Culotta, 413 F.2d 1343, 1345 (1969) (court is not required to hold an evidentiary hearing if the appellant's moving papers fail to "state sufficient facts which, if proven, would have required the granting of the relief requested by appellant."); U.S. v. Pena, 961 F.2d 333, 339 (2d Cir. 1992) ("[a]n evidentiary hearing on a motion to suppress ordinarily is required 'if the

moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that the contested issues of fact going to the validity of the search are in question.'"). This showing must be made through "an affidavit of an individual with personal knowledge of the relevant facts", and the "affidavit must contain allegations that are definite, specific, detailed and nonconjectural." Ventura, 1998 WL 186737, at *1 (internal citations omitted); see also U.S. v. Vasta, 649 F.Supp. 974, 986 (S.D.N.Y. 1986) (defendant must produce an affidavit which is based on personal knowledge in order to raise an issue of fact as to the validity of [a seizure]); U.S. v. Wallace, No. 97 CR. 975(RWS), 1998 WL 401534, at *10 (S.D.N.Y. July 17, 1998) ("a court need not resolve factual disputes presented by the moving papers absent a supporting affidavit of someone with personal knowledge of the underlying facts.").

Here, the defendants have failed to make the requisite preliminary showing. Henry asserts that he "has reason to believe that the cooperating witness did not consent to the secret recordings." Memorandum in Support of Evidentiary Hearing on Motion to Suppress Secret Recordings by Tyrone Henry ("Henry's Memorandum") (Doc. No. 53), at ¶ 3. This belief is based upon the government's alleged failure to meet its burden of proof with regard to the voluntariness of the cooperating witness's consent. Id. In Wallace, the defendant asserted that where a witness provided information to the government and the witness's identity was never disclosed, the witness "very likely never existed." 1998 WL 401534, at *10. The court found that such an inference was

merely "suspicion and conjecture" and that a hearing was not required.  Id.  Similarly, Henry and Simons offer no factual evidence to support their contention.  Neither defendant produces affidavits based on personal knowledge which raise issues of fact as to the cooperating witness's consent.  Rather, they rely on unsworn, conjectural statements, and this is insufficient to entitle the defendants to an evidentiary hearing on this issue.

Henry correctly points out that the government bears the burden of demonstrating that the witness's consent to the recording was voluntary.  See, e.g., U.S. v. Kolodziej, 706 F.2d 590, 593 (5th Cir. 1983).  However, the fact that the government must prove consent by a preponderance of the evidence before the evidence is admissible at trial does not mean that the defendants are entitled to an evidentiary hearing on the issue of consent.

Accordingly, the defendants' request for an evidentiary hearing is hereby DENIED.  The court will issue a separate order with respect to the defendants' motions to suppress the "secret recordings".

It is so ordered.

Dated this 28th day of September 2006 at Hartford, Connecticut.

                                                  /s/AWT
                                            Alvin W. Thompson
                                United States District Judge